**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELMER HERIBERTO GRANADOS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-71348 <br><br> Agency No. A094-305-209 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

December 14, 2010[**]

Before:    GOODWIN, WALLACE and THOMAS, Circuit Judges.

Petitioner Elmer Heriberto Granados, a native and citizen of El Salvador,

petitions for review of a Board of Immigration Appeals order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(CAT).  We have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

Substantial evidence supports the Board's denial of asylum and withholding of removal because Granados failed to show his alleged persecutors threatened him on account of a protected ground.  His fear of future persecution based on an actual or imputed anti-gang or anti-crime opinion is not on account of the protected ground of either membership in a particular social group or political opinion. *Ramos Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008); *see Ochave v. INS*, 254 F.3d 859, 865 (9th Cir. 2001) ("Asylum generally is not available to victims of civil strife, unless they are singled out on account of a protected ground.")  Because the Board denied relief due to a lack of nexus to a protected ground, we need not address Granados's contention that he cannot internally relocate.

Substantial evidence also supports the Board's denial of CAT relief based on the Board's finding that, despite his credible testimony Granados did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government.  *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

09-71348

Granados' due process challenge based on a streamlined affirmance by the Board is misplaced, because the Board did not streamline its decision.

**PETITION FOR REVIEW DENIED.**